FERBER CONSTRUCTION COMPANY, RESPONDENT, v. THE BOARD OF EDUCATION OF THE BOROUGH OF HAS-BROUCK HEIGHTS, APPELLANT.

Submitted December 11, 1916—Decided March 5, 1917.

1. Where damages may be sustained by the breach of a single stipulation, and are uncertain in amount, and not readily susceptible of proof under the rules of evidence, then, if the parties have agreed upon a sum of money for such breach and that sum is not disproportionate to the presumable loss, it may be recovered as liquidated damages.

2. Where in a suit for compensation under a building contract which provides for the completion of the building at a specified time, and that for every day's delay in completion the contractor shall pay the owner $15 as liquidated damages, and the contract also provides that there shall be no extension of time unless (1) the delay is caused by the neglect or default of the owner, and unless (2) a written claim for extension is presented to the architect within forty-eight hours after the occurrence of the cause, and it appears on trial that performance was delayed, then the burden of proving that the delay was caused by the owner and that such claim for an extension was made, is upon the contractor.

3. The powers of an architect under whose direction a building is being erected, and the force and effect of any certificate he may give, are determined strictly by the contract.

4. Where in a suit for compensation under a building contract it appears that by the contract the architect had power by his certificate to determine conclusively that the contract had been completed, but had no power to determine how much the contractor upon completion was entitled to be paid, the mere written request of the architect that the owner pay a certain named sum to the contractor on the completion of certain substantial items therein specified, is no bar to the owner's counter-claim for damages for delay in completion.

194    COURT OF ERRORS AND APPEALS.

Ferber Cons. Co. v. Hasbrouck Heights.    *90 N. J. L.*

On appeal from the Bergen County Circuit Court.

For the appellant, *Luce & Kipp*.

For the respondent, *Hart & Vanderwart*.

The opinion of the court was delivered by

TRENCHARD, J. . By written contract, dated May 27th, 1915, the plaintiff below undertook to construct for the defendant two school buildings for the contract price of $32,-653, which, by extra work agreed upon pursuant to contract provisions, became subsequently increased to $34,751.

The plaintiff in its pleadings, admitted that, in cash and other agreed allowances, it had been paid the sum of $29,-530.36, as the work had progressed; and also that, of the balance of the increased contract price, namely, of the sum of $5,220.64, the defendant was entitled to retain for one year the sum of $1,629.65, under the terms of the contract, and so claimed the sum of $3,590.99, with interest from November 29th, 1915, as the sum to which it was entitled.

The contract contained a provision that the defendant should be paid by the plaintiff $15 for each day that the completion of the contract was delayed beyond October 1st, 1915; and the only defence which the defendant made on the trial was that the completion had been delayed fifty-nine days beyond October 1st, 1915, and that it was therefore entitled to recoup $885.

The counter-claim thus insisted upon was adequately pleaded by the defendant. In its answer thereto, the plaintiff pleaded (*a*) that completion was not delayed, and (*b*) that any delay that there had been was the fault of the defendant and that the plaintiff had complied with the provisions of the contract relating to an extension of the time for completion in such case. To this latter defence, the defendant replied (1) by denying that any delay was caused by its fault, and (2) by specifying the particular conditions which the contract required the plaintiff to comply with, in order to be entitled to any extension of time, and denying that they had

been complied with, its allegation being (1) that the plaintiff had in no case presented any written notice of claim to the architect within forty-eight hours, and (2) that the architect has in no case granted any extension.

The facts necessary to be determined were, therefore (1), the date when the contract was completed, and (2) if that was after October 1st, 1915, whether or not the time for completion had been duly extended for the corresponding period.

At the trial the judge, over the defendant's objection, granted the plaintiff's request to direct a verdict for the full amount claimed by the plaintiff, and the defendant appeals from the consequent judgment.

We are of the opinion that the learned trial judge erred in directing a verdict for the full amount of the plaintiff's claim. We think that the evidence required at least that the defendant's counter-claim be submitted to the jury.

Where, as here, damages may be sustained by the breach of a single stipulation, and are uncertain in amount, and not readily susceptible of proof under the rules of evidence, then, if the parties have agreed upon a sum of money as the measure of compensation for such breach, and that sum is not disproportionate to the presumable loss, it may be recovered as liquidated damages. *Monmouth Park Association* v. *Wallis Iron Works*, 55 *N. J. L.* 132; *Van Buskirk* v. *Board of Education*, 78 *Id.* 650.

There was testimony at the trial tending to show that the contract was not completed until after October 1st, 1915.

The testimony of Mr. Ferber was, that on October 1st, 1915, there was work to the value of $4,697 remaining to be done; that some of this may have been completed by October 7th; but that the hardware was not placed in the buildings until November 29th, 1915; and that even then there remained some painting and other work to be done. If this were true, it is quite clear that the defendant was entitled to some part of its counter-claim, unless it appeared that the time for completion had been extended.

196 COURT OF ERRORS AND APPEALS.

Ferber Cons. Co. v. Hasbrouck Heights. *90 N. J. L.*

We think it did not conclusively appear that the time for completion had been extended.

Under the provisions of the contract, there could be no extension of time unless (*a*) completion was delayed by the act, neglect or default of the owner, or of the architect, or of some other contractor employed by the owner, or by damage caused by fire, or other casualty for which the contractor was not responsible, or by combined action of workmen in nowise caused by or resulting from default or collusion on the part of the contractor; and also unless (*b*) a written claim for an extension for any such cause was presented by the contractor to the architect within forty-eight hours after the occurrence of such cause; and also unless (*c*) the architect thereupon determined that an extension of time should be allowed and fixed the period thereof.

The plaintiff's contention is that the delay was caused by the neglect or default of the defendant. Now, it having appeared that there was a delay in performance, the burden of proving that the delayed performance was caused by the neglect or default of the defendant, and that a timely claim for an extension was made in conformity with the contract provisions, was upon the plaintiff. *Turner* v. *Wells*, 64 *N. J. L.* 269; *Feeney* v. *Bardsley*, 66 *Id.* 239.

We incline to think that there was no evidence tending to show that completion was delayed by any neglect or default of the owner or any agent of his. But if there was, it is perfectly certain that there was no evidence tending to show that any claim was made for an extension as required by the contract, and hence no extension was or could have been allowed.

We also think there was no conclusive evidence of waiver of the contract provisions in regard to timely performance, or extension of time, or of the defendant's right to compensation for delay.

The view of the trial judge was to the contrary.

He seems to have based his conclusion upon a written request addressed by the architect to the defendant on November 29th, 1915, that defendant pay to the plaintiff $5,220.55, when certain work therein mentioned had been completed by the plaintiff.

We pause to remark that this letter was evidently written under a misapprehension, because it is conceded that not even upon full completion would such amount be due.

But, apart from that, we think the view of the trial judge erroneous. His holding necessarily asserted that this document conclusively established either (1) that the contract had been performed, or (2) that the time for performance had been legally extended for a period equivalent to any delay.

We think it did not so establish either proposition. ·

The powers of the architect under whose direction a building is erected, and the force and effect of any certificate he may give, are determined strictly by the contract. *Newark* v. *New Jersey Asphalt Co.,* 68 *N. J. L.* 458; *Welch* v. *Hubschmitt,* 61 *Id.* 57; *Gerisch* v. *Herold,* 82 *Id.* 605; *Mackinson* v. *Conlon,* 55 *Id.* 564.

A perusal of the provisions of the contract in question discloses that thereby the architect had power by his certificate to determine conclusively that the contract had been completed. But that he did not do. He did not certify that it had been completed either on October 1st, 1915, the date required by the contract, or on November 29th, 1915, the date of his certificate, or, in fact, that it had been completed on any other date. On the contrary, he stated therein that it had not been finished in several substantial particulars. Under the contract he had no authority to determine how much the contractor, upon completion, was entitled to be paid. As a consequence, it follows that the so-called certificate was no bar to the defendant's counter-claim for damages for delay in the completion of the buildings, and that the direction of a verdict for the full amount of the plaintiff's claim was therefore improper.

The judgment of the court below will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.